M99WbraP

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

        v.                          21 Cr. 277 (PAE)

JAMES BRADLEY,
   a/k/a "Abdullah,"

             Defendant.
                               Plea
------------------------------x

                               New York, N.Y.
                               September 9, 2022
                               9:45 a.m.

Before:

                 HON. PAUL A. ENGELMAYER,

                               District Judge

                        APPEARANCES

DAMIAN WILLIAMS
    United States Attorney for the
    Southern District of New York
BY:  ANDREW J. DeFILIPPIS
    Assistant United States Attorney

RICHARD J. MA
ANTHONY CECUTTI
KESTINE THIELE
    Attorneys for Defendant

M99WbraP

(Case called; appearances noted)

THE COURT:  Good morning, Mr. Bradley.

THE DEFENDANT:  Good morning, your Honor.

THE COURT:  You may all be seated.

I note, Mr. Ma, as I recall, those are your client's parents who are in the audience.

MR. MA:  That's correct.

THE COURT:  Welcome.  Thank you for being here.

I have been informed, Mr. Ma, that your client wishes to plead guilty to Count One pursuant to a plea agreement.  Is that correct?

MR. MA:  That's correct.

THE COURT:  Mr. Bradley, is that correct?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  I'm going to mark the signed plea agreement that's been handed up as Government Exhibit 1.  Later in this proceeding, I'll have questions for counsel and Mr. Bradley about the agreement.

Mr. Bradley, before I accept the guilty plea, I'm going to ask you questions to establish to my satisfaction that you wish to plead guilty because you are guilty and not for any other reason.  If you don't understand any of my questions or you'd like a further opportunity to consult with your lawyers, will you please let me know?

THE DEFENDANT:  Yes, I will.

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

M99WbraP

THE COURT:  Are you able to speak and understand English?

THE DEFENDANT:  Yes.

THE COURT:  Mr. Smallman, would you kindly place the defendant under oath, please.

(Defendant sworn)

THE COURT:  Thank you.

Will you kindly be seated.

Do you understand that you are now under oath and that if you answer any of my questions falsely, your answers to my questions may be used against you in another prosecution for perjury?

THE DEFENDANT:  Yes.

THE COURT:  What is your full name?

THE DEFENDANT:  James Bradley.

THE COURT:  How old are you?

THE DEFENDANT:  21.

THE COURT:  21?

THE DEFENDANT:  21 years old, yeah.

THE COURT:  How far did you go in school?

THE DEFENDANT:  I did one semester in university.

THE COURT:  Where was that?

THE DEFENDANT:  SUNY Albany.

THE COURT:  Have you ever been hospitalized or treated for any mental illness?

M99WbraP

THE DEFENDANT:  No.

THE COURT:  Are you now or have you recently been under the care of a doctor or a psychiatrist?

THE DEFENDANT:  No.

THE COURT:  Have you ever been hospitalized or treated for addiction to any drugs or alcohol?

THE DEFENDANT:  No, I have not.

THE COURT:  In the past 24 hours, have you taken any drugs, medicine or pills or drunk any alcoholic beverages?

THE DEFENDANT:  No.

THE COURT:  Is your mind clear today?

THE DEFENDANT:  Yes.

THE COURT:  Do you understand what's happening in this proceeding?

THE DEFENDANT:  Yes.

THE COURT:  Mr. Ma, beginning with you, do you have any doubt as to your client's competence to plead at this time?

MR. MA:  I do not, Judge.

THE COURT:  How about you, Mr. DeFilippis?

MR. DeFILIPPIS:  No, your Honor.

THE COURT:  Based on Mr. Bradley's responses to my questions, based on his demeanor as he appears before me, based on my having observed him at a series of conferences in this case, and based on counsels' independent assessments, I find that Mr. Bradley is competent to enter a plea of guilty at this

M99WbraP

time.

Have you had a sufficient opportunity to discuss your case with your attorneys?

THE DEFENDANT:  Yes, I have.

THE COURT:  Have you had a sufficient opportunity to discuss the particular charge to which you intend to plead guilty, any possible defenses to that charge, and the consequences of entering a plea of guilty?

THE DEFENDANT:  Yes.

THE COURT:  Are you satisfied with your attorneys' representation of you, including in connection with reaching a plea agreement?

THE DEFENDANT:  Yes.

THE COURT:  I'm now going to explain certain constitutional rights that you have.  You'll be giving up these rights if you enter a plea of guilty.

Under the Constitution and laws of the United States, you are entitled to a speedy and a public trial by a jury on the charges contained in the indictment.

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  At that trial, you would be presumed to be innocent, and the government would be required to prove you guilty by competent evidence and beyond a reasonable doubt before you could be found guilty.  You would not have to prove

M99WbraP

that you were innocent, and a jury of 12 people would have to agree unanimously that you were guilty.

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  At that trial and every stage of your case, you'd be entitled to be represented by an attorney, and if you could not afford one, one would be appointed to represent you free of charge.

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  During the trial, the witnesses for the government would have to come to court and testify in your presence, and your lawyer could cross-examine the witnesses for the government, object to evidence offered by the government, and if you desired, issue subpoenas, offer evidence and compel witnesses to testify on your behalf.

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  At a trial, although you would have the right to testify if you chose to do so, you would also have the right not to testify, and no inference or suggestion of guilt could be drawn from the fact that you did not testify if that was what you chose to do.

Do you understand that?

THE DEFENDANT:  Yes.

M99WbraP

THE COURT:  At trial, the government would have to prove each and every part, or element, of the charge beyond a reasonable doubt for you to be convicted of that charge.

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  Do you understand that if you were convicted at a trial, you would then have the right to appeal that verdict?

THE DEFENDANT:  Yes.

THE COURT:  Even at this time, right now, even as you're in the process of entering a guilty plea, you have the right to change your mind, plead not guilty, and go to trial.

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  If you plead guilty and I accept your plea, you'll give up your right to a trial and the other rights that I've just described.  There will be no trial, and I will enter a judgment of guilty and sentence you on the basis of your guilty plea after considering the submissions I receive relating to sentencing from you and your lawyer and the government as well as a presentence report prepared by the probation department.

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  If you plead guilty, you'll also have to

M99WbraP

give up your right not to incriminate yourself, because today, I will ask you questions about what you did in order to satisfy myself that you are, in fact, guilty as charged.

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  Mr. Bradley, have you received a copy of the indictment containing the charges against you?

THE DEFENDANT:  Yes, I have.

THE COURT:  Have you read it?

THE DEFENDANT:  Yes.

THE COURT:  Have you had an opportunity to fully discuss it with your attorneys?

THE DEFENDANT:  Yes.

THE COURT:  Do you understand that in Count One you're charged with attempting to provide material support or resources to a designated foreign terrorist organization, in violation of Title 18, United States Code, Sections 2339(e) and 2?

THE DEFENDANT:  Yes.

THE COURT:  All right.

Mr. DeFilippis, would you kindly set out the elements of that offense.

MR. DeFILIPPIS:  Yes, your Honor.

The elements of a violation of Title 18, United States Code, Section 2339(e) are, first, that the defendant knowingly

M99WbraP

provided or attempted to provide material support or resources to a designated foreign terrorist organization;

Second, that the defendant knew that the organization had been designated as a foreign terrorist organization or that it engaged in terrorist activity or terrorism.

And for the jurisdictional requirements and as relevant here, your Honor, those can be met if the defendant is a national of the United States or if the conduct occurred, in whole or in part, in the United States.

THE COURT:  And as to venue?

MR. DeFILIPPIS:  As to venue, your Honor, there is conduct in the Southern District of New York.

THE COURT:  Right, but in --

MR. DeFILIPPIS:  Right.  We'd have to prove conduct in the Southern District of New York.

THE COURT:  Mr. Ma, are you in agreement with government counsel's recitation of the elements of the offense?

MR. MA:  Yes, Judge.

THE COURT:  Mr. Bradley, do you understand that were you to go to trial, the government would have to prove each of the elements of that offense beyond a reasonable doubt, and the government would also have to prove by a preponderance of the evidence that venue was proper in this district, which includes, among other things, Manhattan and the Bronx?

THE DEFENDANT:  Yes, I understand.

M99WbraP

THE COURT:  All right.  Turning to the possible penalties for the offense, do you understand that the maximum possible term of imprisonment for this offense is 20 years?

THE DEFENDANT:  Yes.

THE COURT:  Do you understand that the maximum fine is the greatest of either $250,000, twice the gross pecuniary gain derived from the offense or twice the gross pecuniary loss to a person other than you as a result of the offense?

THE DEFENDANT:  Yes.

THE COURT:  Turning to supervised release, do you understand that for pleading guilty to this offense, you may receive up to lifetime supervised release?

THE DEFENDANT:  Yes.

THE COURT:  Supervised release means that you will be subject to monitoring when you are released from prison.  There are terms of supervised release with which a person must comply.  If you don't comply with them, you can be returned to prison without a jury trial for all or part of the term of supervised release imposed by the Court.  Under those circumstances, you would not be given any credit towards that term for the time you served in prison as a result of your sentence for this crime, nor would you necessarily be given any credit towards that term for any time you had spent on postrelease supervision.

Do you understand that?

M99WbraP

THE DEFENDANT:  Yes.

THE COURT:  For pleading guilty to this crime, you'll also be required to pay a mandatory $100 special assessment.

Do you understand that?

THE DEFENDANT:  Yes, I do.

THE COURT:  For pleading guilty to this crime, you may be required to pay restitution to any person injured as a result of your criminal conduct.

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  For pleading guilty to this crime, you may be compelled to forfeit any and all property constituting or derived from proceeds obtained by your criminal conduct?

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  Do you also understand that if I accept your guilty plea and adjudge you guilty, that may deprive you of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess any kind of firearm?

THE DEFENDANT:  Yes.

THE COURT:  Are you a United States citizen?

THE DEFENDANT:  Yes.

THE COURT:  Under current law, there are sentencing guidelines as well as other factors set forth in the sentencing

M99WbraP

statute that a judge must consider in determining a sentence.

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  Have you spoken with your attorneys about the sentencing guidelines and those other factors?

THE DEFENDANT:  Yes.

THE COURT:  Do you understand that the Court will not be able to determine the guideline range that will form one part of my determination of what a reasonable sentence will be in your case until after a presentence report has been prepared and until after you and your attorneys and the government have all had an opportunity to challenge any of the facts reported there by the probation department?

THE DEFENDANT:  Yes.

THE COURT:  Do you understand that even though the parties agreed in the plea agreement that the sentencing guidelines, in light of the statutory maximum here, call for a term of 240 months' imprisonment, the parties' agreement as to what the sentencing guidelines recommend is not binding on the probation department and it's not binding on the Court?

THE DEFENDANT:  Yes.

THE COURT:  Do you understand that even after the Court has determined what guideline range applies to your case, the Court has the discretion under the current law to impose a sentence that is higher or lower than the one recommended by

M99WbraP

the sentencing guidelines, save, of course, that the Court cannot impose a sentence above the statutory maximum of 240 months' imprisonment?

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  Do you understand that if your attorney or anyone else has attempted to predict what your sentence will be, their prediction could be wrong?  No one -- not your attorney, not the government's attorney, no one -- can give you any assurance of what your sentence will be, because I'm going to decide your sentence, and I'm not going to do that now -- and I really can't do that now.  Instead, I'm going to wait. I'm going to wait until I receive the probation department's presentence report.  I'm going to wait until I receive what I know will be thoughtful sentencing submissions from defense counsel and government counsel.  I'm going to read all of those things carefully.  I'm going to make my own, independent determination of what the sentencing guidelines recommend. Most of all, I'm going to determine what a just and reasonable sentence is for you based on all of the factors contained in the sentencing statute, which is known as Section 3553(a).

Do you understand all of that?

THE DEFENDANT:  Yes.

THE COURT:  Have you discussed these issues and the overall sentencing process with your attorneys?

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

M99WbraP

THE DEFENDANT:  Yes.

THE COURT:  Even if your sentence is different from what your attorneys or anyone else has told you it might be, even if it's different from what you expect, even if it's different from the guideline range or guideline recommendation that appears in the plea agreement, you would still be bound by your guilty plea and you would not be allowed to withdraw your plea of guilty.

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  Has anyone threatened you or forced you -- or anyone else or forced you in any way to plead guilty?

THE DEFENDANT:  No.

THE COURT:  Is it correct, in fact, that a plea agreement has been entered into between you and your counsel and the government?

THE DEFENDANT:  Could you repeat that?

THE COURT:  Has a plea agreement been entered into between you and your counsel and the government?

THE DEFENDANT:   Yes.

THE COURT:  I'm looking at the last page, page 6.

Government counsel, I see here the electronic signatures of three AUSAs -- Ms. Lasky, Mr. Richman, and Mr. Wirshba -- and the electronic approval signature of George Turner, the chief of the national security and international

M99WbraP

narcotics unit.

Mr. DeFilippis, are those, in fact, the signatures of each of those or the authorized electronic signatures of each of those people?

MR. DeFILIPPIS:  Yes, your Honor.

THE COURT:  I also see here, Mr. Ma, your signature, dated today.  Is that your signature?

MR. MA:  Yes, it is.

THE COURT:  And Mr. Bradley, I see here your signature dated today.  Is that your signature?

THE DEFENDANT:  Yes.

THE COURT:  Did you read this agreement before you signed it?

THE DEFENDANT:  Yes.

THE COURT:  Did you discuss it with your attorneys before you signed it?

THE DEFENDANT:  Yes.

THE COURT:  Did you believe that you understood the agreement at the time you signed it?

THE DEFENDANT:  Yes.

THE COURT:  Did you willingly sign this agreement?

THE DEFENDANT:  Yes.

THE COURT:  Did anybody force you to sign it?

THE DEFENDANT:  No.

THE COURT:  Do you have any agreement with the

M99WbraP

government about your plea or your sentence that has been omitted, that has been left out of this written agreement?

THE DEFENDANT:  No.

THE COURT:  Mr. DeFilippis, would you kindly summarize the key terms of the plea agreement.

MR. DeFILIPPIS:  Yes, your Honor.

The defendant has pled guilty or intends to plead guilty to Count One of the indictment.  Count One charges attempt to provide material support.  It carries a maximum term of imprisonment of 20 years; a maximum term of supervised release of life; a maximum fine of $250,000, or twice the pecuniary gain derived from the offense or twice the loss to persons other than the defendant; and carries a $100 mandatory special assessment.

Pursuant to the agreement, your Honor, the guidelines, the stipulated guidelines range is 240 months' imprisonment.

THE COURT:  All right.  Thank you.

Mr. Ma, are you in agreement with the government's summary of the terms that Mr. DeFilippis covered in the agreement?

MR. MA:  Yes, Judge.

THE COURT:  All right.

Mr. Bradley, I just want to draw your attention to one particular provision of the agreement.  Do you understand that under the agreement, you're giving up your right to appeal or

M99WbraP

otherwise to challenge your sentence so long as I don't sentence you to more than 240 months in prison, which is the statutory maximum?

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  Has anyone made any promise or done anything other than what's contained in the plea agreement to induce you to plead guilty?

THE DEFENDANT:  No.

THE COURT:  Has anyone made a promise to you as to what your sentence will be?

THE DEFENDANT:  No.

THE COURT:  Do you still wish to plead guilty pursuant to this agreement?

THE DEFENDANT:  Yes.

THE COURT:  We're now up to the point where I'd like you to tell me in your own words what you did that makes you believe you're guilty of Count One of the indictment.

Before we get to there, though, Mr. Ma, is this a case in which your client will be reading aloud a statement in response to that question?

MR. MA:  That's correct.

THE COURT:  That's fine.

Mr. Bradley, before we begin, though, I just need to confirm with you that what is in front of you and what you're

M99WbraP

going to be reading from is something you've already reviewed and you're confident that everything in it is accurate.

THE DEFENDANT:  Yes.

THE COURT:  All right.  Go ahead.  Just kindly speak slowly and distinctly for the benefit of the court reporter.

THE DEFENDANT:  From in or about May 2020 through March 2021, in the Southern District of New York, I, James Bradley, attempted to provide material support for the Islamic State of Iraq and al-Sham, a designated foreign terrorist organization.  I attempted to leave the country to join ISIS. I did this knowingly and intentionally, and I knew it was illegal.  I know what I did was wrong.

I want to express my full -- my regret for my actions and poor decisions.  I take full responsibility, and I'm prepared to accept the consequences.  I'm not a bad person. Since my incarceration, I've reconnected with my family, and I have been meeting with counselors.  With their help, I have been learning, improving and trying to redeem myself.  I know the pain I've caused my family.  My focus is to make up for what I've done and be a better person for them and for me, and I'm looking forward to a happy and healthy and loving future.

Thank you, your Honor.

THE COURT:  All right.  Thank you, Mr. Bradley.

Does the government counsel agree there is a sufficient factual predicate for a guilty plea?

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

M99WbraP

MR. DeFILIPPIS:  Yes, your Honor.

We would just request that the Court confirm with the defendant that he knew ISIS was either a designated foreign terrorist organization or engaged in terrorist activity at the time he committed the offense.

THE COURT:  Mr. Bradley, did you know that?

THE DEFENDANT:  Yes.

THE COURT:  Anything else, government?

MR. DeFILIPPIS:  No, your Honor.

We just note for the record that the defendant has stated he is a U.S. citizen.

THE DEFENDANT:  Right.

MR. DeFILIPPIS:  For jurisdictional --

THE COURT:  Yes.  I think he's already covered that.

MR. DeFILIPPIS:  Yes, exactly.

THE COURT:  Very good.  Thank you.

Mr. Ma, do you agree that there is a sufficient factual predicate for a guilty plea?

MR. MA:  Yes, Judge.

THE COURT:  Do you know of any valid defense that would prevail at trial or any reason why your client should not be permitted to plead guilty?

MR. MA:  I do not.

THE COURT:  Mr. Bradley, are you pleading guilty today voluntarily and of your own free will and because you are, in

M99WbraP

fact, guilty?

THE DEFENDANT:  Yes.

THE COURT:  Can government counsel represent that had the case gone to trial it had sufficient evidence of each element to establish a conviction?

MR. DeFILIPPIS:  Yes, your Honor.

THE COURT:  All right.

Mr. Bradley, because you acknowledge that you are, in fact, guilty as charged in the indictment; because I am satisfied that you know of your rights, including your right to go to trial; because I'm satisfied that you are aware of the consequences of your plea, including the sentence that may be imposed; and because I find that you are voluntarily pleading guilty, I accept your guilty plea and enter a judgment of guilty on the one count to which you've pled guilty.

Now, the next step in your case is going to involve the sentencing process.  I'm going to ask you to listen carefully to what I'm about to say.

The probation department's going to want to interview you in connection with the presentence report that it prepares. If you choose to speak with the probation department, please make sure that anything you say to them is truthful and accurate.  I read those reports carefully, and they, along with the counsels' sentencing submissions, are very important to me in making an assessment of what the just and reasonable

M99WbraP

sentence is in any particular case.  You and your counsel have a right to examine the report and to comment on it at the time of sentencing.  I urge you to read it.  I urge you to discuss it with your attorneys before sentencing.  If there are any mistakes in it, please point them out to your attorneys so that they can bring them to my attention before sentencing.

Will you agree to do that?

THE DEFENDANT:  Yes.

THE COURT:  All right.

I take it, Mr. Ma, this is not a case in which you're seeking an expedited sentence.

MR. MA:  That's correct, Judge.

THE COURT:  All right.

And counsel have indicated to my deputy that they would like a little more time than usual particularly given that the regular schedule would, I think, put sentencing right in the middle of the holidays.

How is Thursday, February the 2nd at 10:30 for sentencing?

MR. DeFILIPPIS:  Fine for the government, your Honor.

MR. MA:  That's fine, Judge.

THE COURT:  All right.  I'll set sentencing down for that date and time.

Defense counsel, you must arrange for Mr. Bradley to be interviewed by the probation department within the next two

M99WbraP

weeks.

Government, you should provide your case summary to the probation department within the next two weeks.

In terms of sentencing submissions, defense submissions are due two weeks before sentencing and the government's submission is due one week before sentencing.

Is there anything further from the government?

MR. DeFILIPPIS:  Not from the government, your Honor.

THE COURT:  Anything further from the defense?

MR. MA:  Not from the defense.  Thank you.

THE COURT:  Thank you.

We stand adjourned.

(Adjourned)